IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02416-PSF-MEH

DARRELL HARE,

Plaintiff,
v.

DENVER MERCHANDISE MART., INC.,
DENVER MERCHANDISE MART EMPLOYERS, INC.,

Defendants.

## ORDER OF RECOMMENDATION

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1, Plaintiff's Motion to Amend Complaint to Seek Punitive Damages [Filed February 6, 2006; Docket #93] has been referred to this Court for Recommendation. Defendants filed their Response [Docket #97], and Plaintiff replied [Docket #100]. The matter now being fully briefed is ripe for decision. For the reasons set forth below, the Court recommends that Plaintiff's Motion to Amend Complaint to Seek Punitive Damages be **denied**.

**I.      Factual and Procedural Background**

Plaintiff initially brought this action in state court against his former employer and its related companies after he was terminated from his position as General Manager of Denver Merchandise Mart Employers, Inc. Defendants removed the case to the United States District Court, District of Colorado on November 22, 2004. After United States District Judge Phillip Figa dismissed Defendant American Realty Investors, Plaintiff filed an Amended Complaint on July 6, 2005. Plaintiff's Amended Complaint alleges that his termination violated the Age Discrimination in

Employment Act ("ADEA") as well as the public policy of the State of Colorado. To support these claims, Plaintiff alleges that his age was a motivating factor in his termination, and also that he was terminated in retaliation for refusing to violate the Colorado Wage Act. Defendants argue that his termination was based on legitimate nondiscriminatory reasons, including Plaintiff's conduct during his employment and the elimination of the General Manager position.

Pursuant to Magistrate Judge Schlatter's Scheduling Order, the dispositive motion deadline in this case was November 3, 2005, and the discovery deadline was January 3, 2006. Defendants filed a timely Motion for Summary Judgment in November 2005, which was fully briefed on February 1, 2006. That motion is now pending before Judge Figa. On December 1, 2005, the parties jointly submitted a Proposed Pretrial Order, in which Plaintiff made no mention of punitive damages. (Docket #76) Magistrate Judge Schlatter entered the Final Pretrial Order on December 5, 2005. The Pretrial Order controls the course of this case, including the state of the pleadings, and can only be amended by the Court "to prevent manifest injustice." (Final Pretrial Order, Docket #79, ¶ 12); Fed. R. Civ. P. 16(e). The Trial Preparation Conference before Judge Figa is scheduled for March 17, 2006, and the trial which was scheduled to begin on April 3, 2006 will now be held beginning May 8, 2006.

It is against this background of an extensive time period for discovery and on the eve of trial that Plaintiff seeks to amend his Complaint to seek punitive damages.

## II. Legal Standard for Ruling on Motion for Leave to Amend Complaint

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*,

3 F.3d 1357, 1365 (10th Cir. 1993). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005). Conversely, the Tenth Circuit has also held that the Pretrial Order is the "controlling document for trial." *Expertise, Inc. v. Aetna Finance Co.*, 810 F.2d 968, 973 (10th Cir. 1987). "As such, claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint . . ." *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002). By jointly preparing a Proposed Pretrial Order, Plaintiff had "ample opportunity to sculpt and refine the pretrial order to include every allegation" and every theory of recovery against Defendants. *Id.* at 1216.

The Court should deny a motion to amend the complaint if such an amendment would be futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). For example, an amendment is futile if it would not survive a motion to dismiss. Dismissal is warranted, and therefore amendment is futile, only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). In this case, the Court is exercising diversity jurisdiction, which requires the Court to follow federal procedural law and state substantive law. *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). Thus, the Court may allow the amendment, procedurally under Rule 15(a), if the amendment is not futile under state substantive law.

Colorado law applies here. Pursuant to C.R.S. § 13-21-102(1.5)(a), a Complaint cannot initially include a request for exemplary damages. Instead, the Plaintiff must seek leave of the Court to amend his Complaint to include a request for exemplary damages after initial disclosures are exchanged, and plaintiff can establish *"prima facie* proof of a triable issue." C.R.S. § 13-21-102(1.5)(a).

**III.     Discussion**

Plaintiff argues that his Motion to Amend is timely because the facts supporting his Motion are now fully set forth before the Court in the parties' briefs addressing Defendants' Motion for Summary Judgment. Plaintiff asserts that Defendants will not be prejudiced by this amendment because the amendment will not delay the trial proceedings, as the evidence supporting punitive damages is already before the Court as part of Plaintiff's claim of wrongful termination in violation of Colorado public policy. Plaintiff also argues that he has established a *prima facie* case for punitive damages by producing evidence that Defendants terminated his employment in retaliation for his refusal to participate in their efforts to violate Colorado law and public policy.

In response, Defendants argue that this amendment is untimely and will prejudice Defendants because discovery has already ended without Defendants having been afforded an opportunity to conduct discovery on this issue. Defendants also point out that initial disclosures were exchanged on February 15, 2005, nearly one year before Plaintiff sought this amendment. Defendants further argue that Plaintiff cannot establish a *prima facie* case of a triable issue for the same reasons asserted by Defendants in their Motion for Summary Judgment on all claims. Because the underlying claims are meritless, Defendants argue that Plaintiff cannot establish that their conduct was wanton and willful.

       **1.     Leave to Amend under Rule 15(a)**

According to the Tenth Circuit, refusal to amend is justified if the amendment is unduly delayed or if Plaintiff "fail[ed] to cure deficiencies by amendments previously allowed." *Frank*, 3 F.3d at 1365. In the case at bar, the Court recommends that leave to amend be denied because of Plaintiff's undue delay, failure to cure deficiencies by previous amendments, and undue prejudice to Defendants. Plaintiff has presented no reasonable justification for seeking an amendment this late in

the case. Plaintiff argues that his timing is appropriate because the facts supporting such relief are now before the Court on Defendants' Motion for Summary Judgment. The correct timing even under state law, however, is not once all facts are finally before the Court but, rather, once Plaintiff learns of these facts through the initial disclosures. Plaintiff also argues that Defendants' conduct establishing a violation of Colorado public policy includes the requisite elements for punitive damages. This argument contradicts any assertions that an amendment is most appropriate only now that all facts are before the Court on another motion. To illustrate, Plaintiff does not argue that the facts supporting this amendment only recently became known, or that extensive discovery was required to uncover these facts. Rather, Plaintiff claims that these same facts underpin his initial cause of action.

In addition, Plaintiff previously amended his Complaint, after this case was removed to federal court, but he did not seek punitive damages at that time. Once again, Plaintiff does not explain why an amendment for punitive damages was not proper at that time. Because Plaintiff did not promptly move to amend his Complaint when he had information sufficient to state a claim for punitive damages, Plaintiff has unduly delayed in asserting any such claim he may have. Plaintiff's motion is properly denied for such delay. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases).

Finally, this amendment will unduly prejudice Defendants. Plaintiff claims that no new factual allegations need be presented to support punitive damages. Yet, a claim for punitive damages still requires Plaintiff to establish that Defendants acted with "fraud or malice or willful and wanton conduct." *Hoyt v. Target Stores*, 981 P.2d 188, 191 (Colo. App. 1998). Even if Plaintiff does not add any new factual allegations, Defendants are prejudiced by having been prevented from preparing their case for potential punitive damages and by not being allowed to conduct any discovery to defend

against this aggravated level of conduct. For these reasons, Plaintiff has failed to establish that justice requires this amendment after the close of discovery and shortly before trial. The Court, therefore, believes that its refusal of Plaintiff's amendment is justified and recommends that Plaintiff's Motion to Amend Complaint to Seek Punitive Damages be **denied**.

### 2. Futility of an Amendment under Rule 12(b)(6)

Although the Court recommends that the amendment be denied, the Court does not believe that the amendment would have been futile had Plaintiff sought such an amendment before the end of discovery. To satisfy the Rule 12(b)(6) standard, Plaintiff need only establish a *prima facie* issue that Defendant's conduct was willful and wanton. C.R.S. § 13-21-102(1.5)(a). Defendants argue that Plaintiff cannot establish this *prima facie* issue because the underlying cause of action should be dismissed. Defendants, however, incorrectly apply a heightened standard of review by addressing Plaintiff's underlying claims on the basis of whether Defendants are entitled to judgment as a matter of law. Yet, this analysis of Plaintiff's claims is the subject of Defendant's Motion for Summary Judgment currently pending before Judge Figa.

Defendants' arguments concerning futility fail to address the more remedial determination of the *prima facie* case. A *prima facie* issue of punitive damages requires Plaintiff to show that Defendants' "termination of [P]laintiff was attended by circumstances of fraud or malice or willful and wanton conduct." *Hoyt*, 981 P.2d at 191 (allowing termination in violation of public policy to support award of punitive damages). If Plaintiff can establish a claim for termination in violation of public policy (that Defendants terminated Plaintiff's employment for his refusal to violate state wage law), he may also be able to show that his termination was attended by willful or wanton conduct. This is all that is necessary for the amendment to survive the question of futility. The Court does not believe it is appropriate to address the underlying claim in this case because the sufficiency of that

claim is currently before Judge Figa. Morever, the Court deems such an analysis unnecessary in light of the Court's Recommendation that the motion be denied on other grounds.

### 3. Modification of the Pretrial Order under Rule 16(e)

Because Plaintiff seeks an amendment after the Pretrial Order was issued, Plaintiff bears the burden of proving that this amendment is necessary to prevent manifest injustice. Fed. R. Civ. P 16(e). Plaintiff does not meet this burden. Notably, Plaintiff's amendment is not for an additional cause of action to address injuries caused by the Defendants that will otherwise remain unredressed. For example, punitive damages do not compensate the victim for his injuries but, rather, punish the wrongdoer to deter similar conduct in the future. *Seaward Constr. Co. v. Bradley*, 817 P.2d 971, 974 (Colo. 1991). Colorado's prohibition of a termination in violation of public policy serves the purpose of protecting the employee from "being forced to choose between, on the one hand, losing a job and, on the other, engaging in illegal conduct or conduct contrary to the employee's civic responsibility or statutory right or privilege." *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 110 (Colo. 1992). Thus, Plaintiff's inability to serve as the vehicle of punishment against Defendants does not constitute manifest injustice to him if Plaintiff can still seek relief for his injuries. *See Gilbert v. Cosco Inc.*, 989 F.2d 399, 405 (10th Cir. 1993) (no manifest injustice when court excluded certain evidence that did not impact the issue of liability or compensatory damages, but only punitive damages); *Miller v. City of Mission, Kan.*, 705 F.2d 368, 377-78 (10th Cir. 1983) (manifest injustice is not established simply because the prospect of punitive damages is removed from the case; "'punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct'") (citation omitted).

As noted above, it is true that when properly raised and supported, a plaintiff may seek both

forms of relief for a defendant's allegedly egregious conduct. And Plaintiff could have initially sought this relief at any time after the case was removed from state court on November 22, 2004, and before the Pretrial Order was entered on December 5, 2005. For over a year, Plaintiff had the procedural opportunity in federal court to seek this amendment. During this time, Plaintiff admits that he already knew of the facts which he alleges support such an amendment. Yet, he failed to do so. Because Plaintiff cannot establish how a denial of this amendment will preclude Plaintiff from seeking redress for his injuries, the Court believes the manifest injustice standard has not been met.

**IV.    Conclusion**

Plaintiff has not established good cause, under the Federal Rules, to amend his Complaint and the Final Pretrial Order to assert a claim for punitive damages. Further, the Court does not believe that Plaintiff will suffer manifest injustice by this denial. Accordingly, the Court RECOMMENDS that Plaintiff's Motion to Amend Complaint to Seek Punitive Damages [Filed February 6, 2006; Docket #93] be **denied**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado, this 17th day of March, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge