IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02416-PSF-MEH

DARRELL R. HARE,

    Plaintiff,

v.

DENVER MERCHANDISE MART, INC.,
DENVER MERCHANDISE MART EMPLOYERS, INC., and
AMERICAN REALTY INVESTORS,

    Defendants.

## ORDER ON MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration (Dkt. # 123), filed June 14, 2006.  Defendants filed a response on July 12, 2006 (Dkt. # 132), and plaintiff filed a reply on September 6, 2006 (Dkt. # 141).  The Court having reviewed the briefs and being fully apprised now enters the following order.

**I. MOTION FOR RECONSIDERATION**

Plaintiff Darrell R. Hare contends that this Court applied the wrong legal standard and imposed an erroneously high evidentiary burden on plaintiff in granting summary judgment in this employment discrimination case on May 31, 2006.  Mr. Hare requests that this Court reconsider its earlier Order and reinstate his claims, permitting Mr. Hare to try his case to a jury.

The factual background of this case is adequately set forth in this Court's May 31, 2006 Summary Judgment Order (Dkt. # 12).  Briefly, the suit stems from Mr. Hare's termination from his position as the General Manager of Denver Merchandise Mart, Inc.

("DMMI") on or about December 31, 2003.  Mr. Hare claimed that his termination violated his rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Colorado common law, which prohibits an employer from discharging an employee in violation of certain public policies.  See Pl.'s Am. Compl. (Dkt. # 36).

This Court granted summary judgment for defendants after finding that plaintiff failed to meet his burden under the *McDonnell Douglas* burden-shifting framework applied in employment discrimination cases.  See *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).  Specifically, the Court found that Mr. Hare had not met the fourth *prima facie* element for age discrimination cases–that his job was not eliminated after his discharge.  See Order at 7-8.  However, even if Mr. Hare had met the *prima facie* burden, the Court held that defendants had met their burden of articulating a legitimate nondiscriminatory reason for Mr. Hare's discharge and that Mr. Hare failed to meet his burden of showing that defendants' reason was pretextual.  *See id.* at 9-10.  Rather, Mr. Hare did point out some inconsistencies in the testimony of a few of defendants' representatives, but did not come forward with any evidence to raise a genuine issue of material fact that defendants' legitimate nondiscriminatory reason was pretextual. *See id.* at 12-13.

Mr. Hare contends that this Court's analysis exhibited an erroneous application of the "pretext-plus" standard that has been rejected by the Supreme Court and the Tenth Circuit.  See *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-49 (2000); *Townsend v. Mut. Cas. Co.*, 294 F.3d 1232, 1240-41 (10th Cir. 2002)*; Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995).  Mr. Hare asserts that this Court

required him to come up with evidence of pretext as well as additional evidence of discrimination. However, a plaintiff who presents a *prima facie* case and presents evidence that a defendant's proffered explanation was pretextual survives summary judgment. *See Townsend*, 294 F.3d at 1241 (explaining *Reeves*).

## II. ANALYSIS

Although Mr. Hare does not set forth the rule, the Court assumes that his motion is filed pursuant to F.R.Civ.P. 59(e), which provides for motions to amend or alter judgment that are filed within ten days of entry of judgment. Mr. Hare's motion was timely filed within ten business days of judgment in this case. Under Tenth Circuit authority, "[a] Rule 59(e) motion to reconsider should be granted only to correct manifest errors of law or to present newly discovered evidence." *Benne v. Int'l Bus. Machs. Corp.*, 87 F.3d 419, 428 (10th Cir. 1996).

The Court agrees with Mr. Hare that the "pretext-plus" standard is not the proper legal standard for this case. *See Reeves*, 530 U.S. at 147-49. However, the Court disagrees that it applied the "pretext-plus" standard in granting summary judgment for defendants in this case. Rather, the Court found that plaintiff failed to present evidence of pretext at all. *See* Order at 12-14 (describing inconsistencies by defendants' representatives as to who was the real decisionmaker and the implausibility of plaintiff voluntarily resigning as one such witness testified, but finding no evidence of implausibility as to the reason for termination). As the Tenth Circuit has stated, "[p]retext-plus becomes relevant only after the employee has discredited the employer's stated reasons, leaving nothing in the record to explain the employment decision." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1312 (10th Cir. 2005). Here, Mr. Hare

3

was unable to discredit the employer's reasons for firing him, and thus summary judgment was appropriate.  See *Randle*, 69 F.3d at 451 n.14 (an employer is entitled to summary judgment "if plaintiff could not offer evidence tending to show the defendant's innocent explanation for his employment decision was false").

Mr. Hare contends "there is a plethora of evidence, both documentary and testimonial . . . making it impossible to escape the conclusion that there were genuine issues of material fact."  Pl.'s Reply at 2.  Such evidence is not a proper basis for a Rule 59(e) motion for reconsideration, which "should be granted only to correct manifest errors of law or to present newly discovered evidence."  *Benne*, 87 F.3d at 428; *see also All West Pet Supply Co. v. Hill's Pet Prods. Div.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider . . . may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").  Further, the inconsistencies highlighted by plaintiff do not go to an issue of material fact–here, the proffered legitimate reason for termination.  Because plaintiff failed to provide sufficient evidence that his employer's asserted justification, supported in the record, was false, summary judgment was appropriately granted.

## III.  CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Reconsideration (Dkt. # 123).

DATED: October 16, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge

4