## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 04-cv-02416-REB-MEH

DARRELL R. HARE,

    Plaintiff,

v.

DENVER MERCHANDISE MART, INC.,
DENVER MERCHANDISE MART EMPLOYERS, INC., and
AMERICAN REALTY INVESTORS,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION IN LIMINE

**Blackburn, J.**

This matter is before me on the defendants' **Motion in Limine To Prohibit Evidence Regarding Gene Phillips' Prior Legal Proceedings** [#104], filed April 4, 2006.[1] The plaintiff filed a response and the defendants filed a reply.

Citing Fed.R.Evid. 403 and 404(b), the defendants argue that evidence concerning an indictment against Gene Philips and legal proceedings related to the indictment should be excluded from evidence in this case. I conclude that Rule 404(b) is not applicable because the plaintiff, Darrell Hare, does not seek to introduce this evidence to prove Phillips' character, or to show action in conformity with the actions implied by the indictment.

---

[1] This motion does not show as pending in this case because the motion was considered to have been resolved when the defendants' motion for summary judgment was granted. The United States Court of Appeals for the Tenth Circuit reversed the grant of summary judgment on the plaintiff's ADEA claim, and this case now is ready for trial on that claim. I have permitted the defendants to renew their motion.

Hare seeks to introduce evidence related to the indictment Phillips, and legal proceedings resulting from the indictment, to explain why Phillips ordered Hare to make what Hare describes as a series of frequent and unusual cash transfers from Merchandise Mart accounts to accounts held by related businesses. Hare argues that the numerous cash transfers ordered by Phillips adversely affected Hare's ability to perform his job as general manager of the Merchandise Mart. Phillips was named as a defendant in a federal indictment that concerned Phillips' role in operating the Merchandise Mart and related businesses. Hare claims that the indictment caused the price of the stock of the defendant companies to fall precipitously, and that the declining stock prices caused creditors of the businesses to demand payment or some other form of security from the businesses. These demands by creditors, Hare asserts, caused Phillips to direct Hare to make the purportedly frequent and unusual cash transfers which transfers, Hare says, adversely affected Hare's job performance. Hare argues that evidence of Phillips' indictment is relevant to explain the operating results of the Denver Merchandise Mart during this time, to rebut criticisms of Hare's performance during this time, and to show Phillips' motivation for ordering the cash transfers.

I conclude that evidence of Phillips' indictment and related legal proceedings is not relevant to the issues in this case. It is not the cause, but the fact, of financial diffidence by creditors of the Merchandise Mart and related businesses that is relevant to explain the financial demands and pressures that allegedly were placed on the plaintiff by Phillips, and to explain how those demands and pressures are relevant to Hare's job performance. Of course, evidence that is not relevant under Rule 401 is not admissible under Rule 402.

Even if the evidence in question had some arguable quantum of relevance, I conclude that it is not admissible under Rule 403.  Again, the fact of financial diffidence by creditors of the Merchandise Mart and related businesses is the relevant fact that Hare may seek to prove.  To the extent the cause of that diffidence might be seen as relevant, the probative value of evidence concerning the indictment of Phillips is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury, and by the consideration of waste of time.  Applying the standards of Rule 403, I conclude that evidence concerning the indictment of Phillips and related legal proceedings must be excluded.  Finally, I conclude also that presentation of this evidence, even if viewed as marginally relevant, would result in the needless consumption of trial time.  Thus, I conclude also that the evidence must be excluded under Rule 611(a)(2).

**THEREFORE, IT IS ORDERED** as follows:

1.  That the defendants' **Motion in Limine To Prohibit Evidence Regarding Gene Phillips' Prior Legal Proceedings** [#104], filed April 4, 2006, is **GRANTED**; and

2.  That evidence concerning Gene Phillips' indictment and legal proceedings related to that indictment **SHALL BE EXCLUDED** from the trial of this case.

Dated October 17, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**